IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV55-03-MU

| | |
|---|---|
| S. SHANE SMITH, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| THEODIS BECK, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, initially filed in the Eastern District of North Carolina on November 26, 2007. Such Complaint was transferred to this Court by Order dated February 25, 2008 without a full review of the Complaint. However, this Court has reviewed the Complaint and determined that the gravamen of Plaintiff's Complaint is the retaliation he has faced while housed at Albermarle Correctional Institution which is situated in the Middle District of North Carolina. Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be <u>transferred</u> to the federal District Court for the Middle District of North Carolina.

According to his Complaint, the Plaintiff is an inmate who is currently confined in Albermarle Correctional Institution located in Badin, North Carolina. Plaintiff is disabled in that he has no fingers or toes. Plaintiff alleges that ever since he was falsely accused on raping Edith Pope[1], Assistant Superintendent of Craggy Correctional Institution, in May 2005, he has been retaliated

---

[1] The Court notes that Ms. Pope plead guilty to have consensual sex with the Plaintiff and has been sentenced to active jail time.

1

against by employees of the Department of Correction at Albermarle Correctional Institution. Specifically, Plaintiff contends that while at Albermarle Correctional Institution, his access to a computer with word processing was taken away, personal and legal documents have been confiscated, and his approval from the Director of Prisons allowing an exception to purchase shoes from an outside source have been denied. (See attached June 15, 2006 grievance and responses and July 23, 2006 confidential letter to Theodis Beck and responses.) Plaintiff contends that the above described events began after Ms. Pope filed the false rape charge against him. Plaintiff also maintains that he is expected to be called as a witness against Ms. Pope.

While Plaintiff has included a claim against Edith Pope, former Assistant Superintendent of Craggy Correctional Institution, for conspiracy to falsely charge him with rape, such claim is not cognizable because she allegedly conspired with George Pope, who does not appear to be a state actor.[2] Furthermore, unlike the claims of retaliation contained in Plaintiff's Complaint, there is no evidence that Plaintiff filed grievances[3] with respect to any conspiracy claims and therefore such conspiracy claims would be subject to dismissal. The Court notes that it has not dismissed any parties from this actions and has not decided Plaintiff's motion for appointment of counsel. The United States District Court for the Middle District of North Carolina is better positioned to address those issues.

---

[2] The Court believes that George Pope is the husband of Edith Pope.

[3] In his Complaint, Plaintiff states that he presented the facts giving rise to his Complaint to the state inmate grievance procedure and indicated that such grievances were attached to his Complaint. The Court notes that the grievances attached to Plaintiff's Complaint pertain to complaints of retaliation and conditions of his confinement at Albermarle Correctional Institution. Furthermore, Plaintiff specifically requested, in his Statement of Claim, that the Court allow him to incorporate his filed grievances as the support for his Complaint (See Complaint at 8.)

Venue in a civil action based upon a federal question, i.e. alleged violations of an inmate's civil rights is proper in : 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

Here, the Plaintiff lists five defendants as having addresses in Raleigh, North Carolina which is located in the Eastern District of North Carolina; three as having addresses in Badin, North Carolina which is located in the Middle District of North Carolina, and three as having addresses in Asheville, North Carolina, located within this district.[4] For the reasons stated in this Order, the claims against the defendants located within this district are not cognizable and/or are not exhausted. Moreover, the claims against the defendants located in the Middle District are the only claims which appear to have been exhausted through inmate grievance procedure and are the focus of Plaintiff's Complaint. Therefore, venue is most proper in the Middle District of North Carolina and the Court will transfer this Complaint to the Middle District of North Carolina..

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff's Complaint is **TRANSFERRED** to the federal District Court for the Middle District of North Carolina.

---

[4] However, the Court notes that Edith Pope is one of the Defendants listed with an Asheville address, however Plaintiff is not currently residing at that address as she is currently incarcerated within the North Carolina Department of Corrections.

3

**SO ORDERED**.

Signed: March 6, 2008

Graham C. Mullen
United States District Judge