IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| S. SHANE SMITH, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   1:08CV166 |
| | ) |
| THEODIS BECK, BOYD BENNETT, | ) |
| STEVE BAILEY, ROGER MOON, | ) |
| DOUG MITCHELL, LEWIS SMITH, | ) |
| EDITH T. POPE, GEORGE POPE, | ) |
| WANDA GORE, and LARRY LANIER, | ) |
| | ) |
|        Defendants. | ) |

**ORDER**

On January 10, 2011, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 90 & 91.) Plaintiff S. Shane Smith ("Smith") timely filed objections to the Recommendation (Docs. 94 & 95), and moving Defendants Theodis Beck, Boyd Bennett, Steve Bailey, Roger Moon, Doug Mitchell, Lewis Smith, Wanda Gore, and Larry Lanier ("Defendants") filed a response (Doc. 96).

In reviewing the portions of the Recommendation to grant Defendants' motion for summary judgment to which Smith objected, the court is obliged to conduct a de novo review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In so doing, the court will not repeat the recitation of background facts as set forth in the Recommendation. Suffice it to say that this case arises out of a secret sexual relationship Smith, a state prisoner, had with a prison supervisor,

Edith Pope ("Pope"), following which Pope accused Smith of rape, then recanted.

In his objections, Smith first asserts that the Magistrate Judge erred as a matter of law in addressing his claims under the Eighth Amendment (stemming from Pope's sexual conduct with Smith) by requiring a showing that the supervisor be "aware of a pattern or practice of a high-ranking official engaging in sexual abuse of prisoners." (Doc. 95 at 3 (quoting Doc. 90 at 14).) Smith claims that the Recommendation misapplies the law by requiring more than a "forecast [of] evidence that Defendants had constructive knowledge of constitutional injury to Plaintiff." (Doc. 95 at 3.)

Prior to the objected to language, the Magistrate Judge correctly stated the elements which must be shown to establish a supervisor's liability. That is, the Recommendation states that there must be sufficient evidence to create a genuine dispute that a supervisor had actual or constructive knowledge of a pervasive and unreasonable risk of constitutional injury, the supervisor's response was so inadequate as to show a deliberate indifference or tacit authorization, and the supervisor's inaction was causally linked to the particular constitutional injury.[1] (Doc. 90 at 13 (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).) The Magistrate Judge further noted that deliberate indifference is demonstrated by a supervisor's "continued inaction in the face of

---

[1] Federal Rule of Civil Procedure 56 was amended to change "issue" to "dispute," but the standard remains unchanged. Fed. R. Civ. P. 56, 2010 amendment advisory committee notes.

2

documented widespread abuses." (Doc. 90 at 14 (quoting Shaw, 13 F.3d at 799).) A supervisor is deliberately indifferent where the misconduct of a subordinate is "widespread, or at least been used on several occasions." (Id.) It was in this context that the Magistrate Judge referred to the absence of any supervisor's deliberate indifference to a pattern or practice of sexual abuse of any prisoner. (Doc. 90 at 14.)

On this record, the Magistrate Judge reached the proper conclusion. While "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm," Farmer v. Brennan, 511 U.S. 825, 842 (1994), the record simply lacks sufficient evidence to create a genuine dispute that a supervisor had actual or constructive knowledge of a "pervasive" and unreasonable risk of constitutional injury and that the supervisor's response was so inadequate as to show a deliberate indifference or tacit authorization. See Shaw, 13 F.3d at 799.

As the Magistrate Judge noted, during the period of the sexual encounters between Smith and Pope, no one suspected anything -- or if they did, such suspicions were not communicated to the supervisor, Defendant Superintendent Doug Mitchell ("Mitchell"), or other supervisor Defendants.[2] The Magistrate Judge properly noted

---

[2] Smith asserts the Magistrate Judge's statement is contradicted by statements in the North Carolina State Bureau of Investigation ("SBI") Report, including pages 11 12, 13 14, 18, 46, 51, and 89 90, as well as Plaintiff's Affidavit ¶¶ 34 35 and the Defendants' Answer ¶¶ 34 35. The court has reviewed the entire record, including specific references in the objections. Contrary to Smith's assertion, the record does not show a genuine dispute as to any material fact with respect to constructive
(continued...)

3

the lack of evidence that Smith reported the alleged sexual abuse to any prison official or that any prison official supervisor knew there was anything of a sexual nature taking place between Smith and Pope during the relevant period.  In fact, Smith concedes that he lied in order to prevent prison personnel (let alone supervisory personnel) from obtaining actual or constructive knowledge of a substantial risk following an incident in February 2005 when a case worker encountered Smith and Pope.  (Doc. 80 (Plaintiff's affidavit) ¶ 34.)

There is also no evidence that Pope had engaged in such conduct prior to her involvement with Smith.  The first notice to a supervisor occurred in April 2005, when Superintendent Mitchell was informed that Smith had been "hanging out in [Pope's] office too much."  (Doc. 79-1 (SBI Report) at SBI00008.)  Superintendent Mitchell monitored Pope's activities for approximately two weeks (which revealed nothing) before he confronted her, initiated an internal investigation, referred the matter to the SBI for further investigation, and transferred Smith away from Pope.  (See Doc. 79-1.)  These facts fall far short of establishing deliberate indifference.

Smith next challenges the Magistrate Judge's denial of his motion to strike an internal report by Roger Moon ("Moon"), a prison official who conducted an internal investigation into the

---

[2](...continued)
(or actual) knowledge of a substantial risk of harm or a deliberate indifference.

matters stemming from Smith's alleged relationship with Pope ("Internal Report"). The Internal Report is dated July 27, 2005, and is attached as Exhibit C to Moon's affidavit. (Doc. 68-11.) Smith argued before the Magistrate Judge (Doc. 81), and repeats here, that the Internal Report was prepared in anticipation of litigation, is unreliable, and is inadmissible hearsay. The Magistrate Judge agreed with Defendants that the report was admissible as a business record under Federal Rule of Evidence 803(6), and denied the motion. In his objection to this court, Smith further contends that the objection remains relevant because, he says, Defendants rely on a portion of the Internal Report -- a purported conclusion that he had gained unauthorized access to sensitive prison facility and personnel information -- to justify a change in his imprisonment conditions. (Doc. 95 at 6.)

Ordinarily, when a Magistrate Judge issues an order on a nondispositive question, such as a motion to strike a document, a district court's review is limited to whether the order was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Schwartz & Schwartz of Va., LLC v. Certain Underwriters at Lloyd's, London Who Subscribed to Policy Number NC959, 677 F. Supp. 2d 890, 893 (W.D. Va. 2009). Here, the court might regard the question of admissibility of the bulk of the Internal Report to be a close question, because while such internal investigation reports may be prepared from time to time, there was clearly the prospect of potential criminal charges and an ongoing SBI inquiry. However, as the Magistrate Judge observed and this court's independent review

5

confirms, virtually all of the material facts in the Internal Report are covered in the separate report by the North Carolina SBI, to which Smith not only does not object, but on which he relies. (Doc. 79 at 2 n.1.) More to the point, all the conclusions of the Recommendation are supported by facts found in the North Carolina SBI Report So, whether the Internal Report should be struck is a moot question.

In addition, Smith's argument that the Internal Report should be struck because it contains information about his unauthorized computer access is based on a faulty premise. The internal report Smith seeks to strike was submitted as Exhibit C to Moon's affidavit. (Doc. 81.) But *that* Exhibit C does not contain any information about Smith's unauthorized computer use and is not the document on which Defendants relied for that proposition. Rather, Defendants cited to a June 29, 2005 report prepared by Dale Anderson, then Director of Management Information Systems for the Department of Corrections -- which is attached as *Exhibit C to the affidavit of Lewis O. Smith* -- for the forensic analysis of a thumbdrive taken from Smith and of Pope's computer to which Smith may have had access ("Anderson Report").[3] (Doc. 68-5 ¶ 4; Doc. 68-6.) Moreover, the Anderson Report also appears as part of the

---

[3] The Anderson Report states that signatures of Mitchell and another official were found on Pope's personal computer and CD, the latter of which had Smith's name written on it. Noting Smith's apparent skill with computers, the Anderson Report concluded that Smith's access to these important signatures of prison officials could be dangerous (Doc. 79 5 at SBI00273) and documented evidence of Smith's access to the Internet (id.).

6

North Carolina SBI Report, on which Smith relies. (See Doc. 79-5 at SBI00271-311.) Thus, Smith's additional objection to the Internal Report is off point and is overruled, and the court cannot say that the Magistrate Judge clearly erred or ruled contrary to law in denying the motion to strike.[4]

Further, the particular portion of the Recommendation to which Smith objects with respect to the Internal Report (Doc. 90 at 21) is the Magistrate Judge's observation that "there is no factual support in the record that the actions of the Defendants were undertaken with retaliatory motives" with respect to Smith's transfer and demotion in custody (id. at 19) and his claim that he was not given certain job assignments (id. at 19-20). The Magistrate Judge addressed Smith's claim that the search of his cell and seizure of personal property were retaliatory and violated his Fourteenth Amendment due process and Fourth Amendment search and seizure rights and correctly concluded that Smith had not put forth any evidence that the computer-related seizure was in retaliation for the exercise of his constitutional rights. (Id. at 21.)

---

[4] Even construing Smith's objection broadly to cover this limited aspect of the Anderson Report (whether as attached to the affidavit of Lewis O. Smith or the North Carolina SBI Report), the court finds it admissible on Defendants' motion for summary judgment because it addresses a topic discrete from the underlying sexual encounter; namely, Smith's unrelated computer access and the basis for the prison's decision for altering a condition of his confinement. This is precisely the type of routine internal investigation that occurs in prisons, and there is much less likelihood such an inquiry would be made in anticipation of litigation. This aspect bears sufficient hallmarks of trustworthiness to be considered even under a de novo review.

On the underlying substantive question of whether there is sufficient evidence to create a genuine dispute as to any material fact as to whether prison officials retaliated against Smith, the Magistrate Judge did not rely on this aspect of the Internal Report or, for that matter, the Anderson Report. Instead, he concluded that, while prisoners have no liberty interest in a certain prison classification arising from the Due Process clause, see Hewitt v. Helms, 459 U.S. 460, 469 (1983), the prison officials' actions were reasonable insofar as Smith's status was demoted only until the rape and criminal investigation was resolved. That the investigation continued beyond the time that Pope recanted her rape charge, a point Smith makes in his objections (Doc. 95 at 10-11), is not sufficient to create a genuine dispute. Smith was placed in administrative segregation pending the investigation on May 25, 2005, transferred to the Cleveland Correctional Center on May 26, 2005, and subsequently demoted from medium custody to close custody and assigned to the Intensive Control status at the Marion Correctional Center Institution in early to mid July 2005 -- all before or during the investigations by the North Carolina SBI and Moon investigations. (See Doc. 19 (Second Amended Complaint) ¶¶ 40, 45-48; Doc. 36 (Answer) ¶¶ 40, 46-47; Doc. 68-11 (Moon Affidavit) at 3; id. Ex. B (custody classification reviews); Doc. 80 (Plaintiff Smith Affidavit) ¶¶ 40, 43-45.) Moon completed his internal investigation and issued a report on July 27, 2005, three weeks following Pope's recantation to the SBI, finding that Pope violated policy with respect to "undue familiarity with inmates"

and recommending Pope be dismissed from service. (Doc. 68-12 (Moon Affidavit) Ex. C at 1, 6-7).) On September 16, 2005, after Pope's recanting of rape allegations against Smith and the completion of the Internal Report but before completion of the SBI's November 8, 2005 report (see SBI Report at SBI00006), Smith was promoted back to medium custody and assigned to the regular population at the Albemarle Correctional Institution (Doc. 68-12 (Moon Affidavit) at 3; id. Ex. B (custody classification reviews)). Thus, as the Magistrate Judge found, Smith's incarceration status was demoted no longer than reasonably necessary to complete the various investigations into his and Pope's conduct.

In summary, having reviewed all portions of the Recommendation to which objections were made and having made a de novo determination, the court finds that the objections do not change the substance of the Magistrate Judge's Recommendation, which is affirmed and adopted.

IT IS THEREFORE ORDERED that the motion of Defendants Theodis Beck, Boyd Bennett, Steve Bailey, Roger Moon, Doug Mitchell, Lewis Smith, Wanda Gore, and Larry Lanier for summary judgment (Doc. 67) is GRANTED, and Smith's claims against those Defendants are DISMISSED WITH PREJUDICE. The Eighth Amendment claim against Edith Pope and the malicious prosecution and intentional infliction of emotional distress claims against both Edith Pope and George Pope survive.

/s/ Thomas D. Schroeder
United States District Judge

April 18, 2012